of the real property to her infant heirs would be important if defendant could obtain title by prescription, but under the decision as rendered it becomes immaterial. Because of the decision of this court in Hindley v. Manhattan Railway Company, supra, I concur in an affirmance of the present judgment.

(112 App. Div. 211.)

### GREEHY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

CARRIERS—INJURY TO PASSENGER—EVIDENCE—SUFFICIENCY.

    In an action against a street railroad company for injuries to a passenger, evidence considered, and *held* insufficient to show that the car was started while plaintiff was in the act of alighting.

Appeal from Trial Term, New York County.

Action by Kate Greehy against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

Bayard H. Ames, for appellant.
George W. Dease, for respondent.

LAUGHLIN, J. This is an action by a passenger for personal injuries alleged to have been caused by the negligence of the defendant in suddenly starting the car while she was in the act of alighting therefrom. The testimony of the plaintiff is wholly uncorroborated, and is flatly contradicted by three apparently disinterested passengers and the conductor, who at the time of the trial was in the employ of the Adams Express Company, and contradicted in part by a pedestrian on the street and by the motorman. We agree with the contention of the learned counsel for appellant that the verdict is against the weight of the evidence. The plaintiff alleged and testified that at about 7:30 o'clock in the evening on the 18th day of January, 1898, she was a passenger on one of defendant's south-bound cars on Madison avenue; that she was seated on the right-hand side a short distance from the door, leaving vacant a space for the accommodation of about four people to sit between her and the door; that she desired to stop at Seventy-Seventh street, and after the car passed Seventy-Eighth street she signaled the conductor, who was standing nearer the front, about the middle of the car, to stop, and said that she wished to get off at Seventy-Seventh street, to which he replied, "All right"; that the car was going fast, and she remained seated until it stopped, and then arose and proceeded to the door, where she met a woman and a man entering, and stepped back inside the body of the car, but at the edge of the door, to let them pass; that as soon as they passed, and while they were between her and the conductor, she stepped out upon the rear platform, and was, with one hand on the rail, one foot on the platform, and the other down on the step, ready to alight when she heard two bells, and the car suddenly started, loosening her grasp,

and precipitating her into the street. She was 21 years of age, had been in this country four years, and was employed as a cook. It is not entirely clear that on her own testimony the conductor, even if he had been informed that she desired to alight at Seventy-Seventh street, was negligent, or would not have been justified in assuming that she had changed her mind. Her conduct was quite unusual for a young active person. She remained seated, not merely until the car slowed down, but until it came to a full stop, and she evidently took it leisurely after that, or the couple waiting to board the car would not have reached the platform, and met her in the door. Even then, instead of manifesting her intention of getting off, so that they would step aside and allow her to pass, she stepped back into the body of the car and aside for them, and waited until they passed, whereupon, without taking any precautions to notify the conductor, or discover whether he was aware that she had not alighted, and while the gentleman and lady were in the aisle between her and the conductor, she proceeded out, and descended to the position from which she claims to have been thrown. If passengers made no preparations, even while cars are slowing down, to alight, but waited until the momentum ceased altogether, and then stepped back or aside for passengers to board the car, the long distance speed of a street car would not equal that of a pedestrian. If she were ill, aged, crippled, or blind her conduct was such as might have been expected, but in the enjoyment of youth, health, and all her faculties the course she pursued is contrary to common observation. The testimony of the plaintiff, herself, therefore, perused alone, is not convincing, and we look further to see whether any other witness gives a more reasonable or probable explanation of the accident. The witnesses for the defendant differ as to the block in which the accident occured, but most of them say it was in the block between Seventy-Eighth and Seventy-Ninth streets, and all agree that it did not occur at any regular stopping place, and their testimony all tends to show that it occurred about in the middle of a block, and a block or two above Seventy-Seventh street. The conductor and these passengers say that the car was going very fast before plaintiff arose, and that she hurried out, and stepped or fell off before it stopped or even slackened its speed, and without giving any notice or signal of her intention to alight. The conductor on seeing her step off the car says that he pulled three bells (the danger signal), which requires a sudden stop, and rushed off after her before the car stopped. The motorman says he got three signals in the middle of a block. A passerby testified that he saw her on the street in the middle of a block, and assisted the conductor in taking her to the drug store at the corner of Madison avenue and Seventy-Seventh street. We think, therefore, that plaintiff was a little more tardy than she now recollects or admits in reaching the platform, and that the car after taking on the last passengers (the gentleman and lady to whom reference has been made) had already started, but that the plaintiff, desiring to alight, then ventured to do so, and received the injuries of which she complains.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.